IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL MARTINEZ,

        Plaintiff,
vs.　　　　　　　　　　　　　　　　　　　　　　　CIVIL NO. 10-1215 KBM/LFG

N. LEVINE, New Mexico
State Police Patrolman,

        Defendant.

## ORDER STAYING DISCOVERY
## BUT DIRECTING PRODUCTION OF LIMITED INFORMATION

THIS MATTER is before the Court following Defendant's filing a Motion to Dismiss on Ground of Qualified Immunity [Doc. 27]. This Order stays discovery while directing the production of certain information as described below.

### Procedural History

At the initial Rule 16 conference on February 15, 2011, the Court approved the parties' Provisional Discovery Plan and advised the parties that they were free to engage in any and all discovery permitted by law and the Court's Scheduling Order. [Doc. 15.] The parties did not engage in formal discovery at that time or take depositions. They did, however, produce mandatory initial disclosures.

On April 12, 2011, the Court conducted a Rule 16 status conference, at which defense counsel indicated he would be filing a motion to dismiss based on qualified immunity. Defendant requested a stay of discovery based on the qualified immunity motion. While Plaintiff Daniel Martinez ("Martinez") indicated he would contest the motion to dismiss, he did not object to the stay

of discovery pending the Court's consideration and disposition of the qualified immunity motion. [Doc. 25, April 12, 2011 Clerk's Minutes).

On April 13, 2011, Defendant filed the motion to dismiss [Doc. 27] that is currently being briefed. The motion to dismiss based on qualified immunity was filed in a timely manner and in accordance with case management deadlines. [Doc. 15.] *See* Saucier v. Katz, 533 U.S. 194, 202, (2001) (Supreme Court urged parties to promptly raise the issue of qualified immunity so that it could be determined early on in the course of litigation).

On April 21, 2011, Martinez's attorney filed a Rule 56(d) Affidavit requesting limited discovery in order to respond to Defendant's motion to dismiss. [Doc. 28.]

## Analysis

The defense of qualified immunity not only protects governmental employees who perform discretionary functions from liability, but it also protects them from the burdens of trial, including discovery. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953 (2009); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). Thus, when a defendant files a motion to dismiss raising qualified immunity, the Court has little discretion but to stay discovery pending resolution of the question of qualified immunity. Siegert v. Gilley, 500 U.S. 226, 232-33, *reh'g denied,* 501 U.S. 1265 (1991).

In 2009, the United States Supreme Court reiterated the importance of a stay of all discovery when a qualified immunity motion is before the court.

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Seigert v. Gilley, 500 U.S. 226, 236, 111 S. Ct. 1789, 1114 L. Ed. 2d 277 (1991) (Kennedy J. concurring in judgment).

2

Iqbal, 129 S.Ct. at 1953.  Requiring a party to participate in the discovery process while a motion to dismiss based on qualified immunity is before the Court robs that defendant of the very benefit of the qualified immunity defense.  See id. (benefit of defense is lost if discovery proceeds while qualified immunity motion is pending).

In this case, Martinez asserts that discovery is needed to allow him to respond to adequately respond to the motion to dismiss.  His attorney provided a Fed. R. Civ. P. 56(d) affidavit setting forth the categories of discovery he seeks. [Doc. 28.]  This process is consistent with the dictates of Ben Ezra, Weinstein & Co. v. American Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert. denied*, 531 U.S. 824 (2000).  However, Ben Ezra instructs that it is insufficient to simply argue that discovery is requested or that the defendant's motion is premature because discovery has not been completed.  Rather, the burden is on the party seeking discovery to specifically demonstrate what discovery is required and, more importantly, how that discovery will assist the party in overcoming a *prima facie* showing of entitlement to judgment.

More specifically, a Rule 56(d) affidavit must identify: "(1) 'the probable facts not available, (2) why those facts cannot be presented currently [without discovery], (3) 'what steps have been taken to obtain these facts,' and (4) 'how additional time will enable [the party] to' obtain those facts and rebut the motion . . . ."  *See* Valley Forge Ins. Co. v. Health Care Mgt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010) (internal citations omitted) (discussing Rule 56[d] affidavit in terms of a motion for summary judgment).

For purposes of responding to the motion to dismiss, Martinez seeks the following information:

   1.  Defendant Nicholas Levine's ("Levine") personnel file;

   2.  Levine's deposition;

    3.  Levine's role and the reasons for the arrest in the case, as well as exploration of his statement that Martinez's grandmother "told me about Daniel Martinez threatening her;"

    4. the deposition of Donna Martinez, Martinez's grandmother, to explore the basis of the allegation that Martinez had assaulted a family member.  Martinez contends that the grandmother would testify she did not feel threatened by Martinez, was not in immediate fear or apprehension of receiving an imminent battery, and did not authorize Defendant to enter her home;

    5.  the deposition of Simon Martinez, Martinez's relative, to determine why law enforcement officers were called to the scene in the first place, and whether there was any basis to believe that family members felt threatened or in fear of receiving an immediate battery.  Martinez wishes to depose Simon Martinez to determine whether Martinez was actually going to harm himself "or whether Plaintiff confined his behavior to heated argument within the privacy of his own home." [Doc. 28, ¶ 4]; and

    6.  belt tapes, CADs, and recordings of 911 calls.

    It is clear that two of the deponents, Martinez's grandmother and Simon Martinez, are readily available to Martinez for purposes of obtaining their statements and/or affidavits.  Their depositions are simply not necessary to allow Martinez to respond to the Motion to Dismiss.  Thus, Martinez failed to show why that information cannot be presented currently or what steps he has already taken to obtain that information.

    So, too, Martinez failed to indicate why Levine's personnel file is necessary to support his response.  Ben Ezra requires not only that a party submitting an affidavit disclose what discovery is sought, but, specifically, how that discovery will assist in overcoming a *prima facie* showing.  In this case, Martinez offers no argument as to how any information in Levine's personnel file would be of such assistance.

Martinez also requests the record of 911 calls.  But, as those calls were made by Martinez's own family, they are certainly in a position to submit their affidavits indicating what information they conveyed to the 911 operator.  Again, Martinez failed to show why the information sought cannot be presented currently or what steps he already took to obtain that information.

The Court reaches a different conclusion as to the request for the computer aided dispatch ("CAD") reports, belt tapes or transcripts, and 911 call information.  An officer's conduct is based on information that the officer had at the time he/she responded, not on information subsequently obtained.  This is so because officers are forced to make split-second decisions in quickly evolving circumstances, and based on information they are aware of at the time.  *See* Saucier, 533 U.S. at 205 (police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving; thus, the reasonableness of the officer's belief should be judged from that on-scene perspective rather than later).

Based on the circumstances of this case, it appear that the CADs will contain information conveyed to the responding officer, which will, therefore, provide Martinez with information about what the officer knew at the time he responded.  Similarly, any belt tape recording will also supply a real-time summary of what occurred at the pertinent time.  Further, if information gleaned from the 911 call was provided to the officer in a format other than the CAD report, that information should also be presented within the same time frame.

In addition, while the Court denies Martinez's request for Levine's deposition, it authorizes Martinez to serve 20 interrogatories on Levine so as to obtain information relative to qualified immunity issues.  The intent is to allow Martinez only that information necessary to respond to the motion to dismiss.  The interrogatories must be served within ten days after entry of this Order.

Thus, the Court determines that within ten days after entry of this Order, Defendant should provide to Martinez (1) a copy of any CAD report provided to the officer with any information concerning what was occurring at Martinez's residence on the night in question; (2) copies of the belt tape, or to the extent they exist, transcripts of the belt tape recordings; and (3) 911 call information as discussed above. Also, Martinez may serve a total of 20 interrogatories on Levine limited to qualified immunity issues. Martinez is allowed 15 additional days from receipt of the responses to file his response to Defendant's motion to dismiss.

Defendant is not required to provide the other information requested by Martinez, as discussed *supra*. This is true because Martinez failed to satisfy all of the requirements of Ben Ezra or Valley Forge. Moreover, requiring such discovery would violate Defendant's entitlement to be free from discovery while a motion to dismiss based on qualified immunity is pending.

IT IS ORDERED that Martinez's request for discovery is DENIED and discovery is STAYED, save for production of the CAD reports, belt tapes, and information that may have been provided to the responding officer separate from the CAD report concerning the 911 calls, and with the exception that Plaintiff may serve 20 interrogatories on Levine, limited to qualified immunity issues.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

6